## Turner *v.* Gulf Nationai Bank

No. 40911  November 17, 1958  106 So. 2d 506

*Ben H. Walley,* Leakesville; *Blass & Parsons,* Wiggins, for appellant.

*Mize, Thompson & Mize,* Gulfport, for appellee.

HALL, J.

This suit was brought originally in the county court of Harrison County by M. G. Turner of Leakesville, Mississippi, alleged in the declaration to be doing business under the name of Turner Motors, against Gulf National Bank of Gulfport for the recovery of the sum of $1,776, the principal amount of a draft, plus attorney's fees and expenses incurred by Mr. Turner in an effort to collect the draft. The suit was based upon an allegation of the negligent handling of the draft by the bank.

The draft in question was on a form of the Bank of Leakesville and is plainly marked on the left hand end: "Customer's Draft." The draft was drawn by John Harvey and is in the following form:

GULF NATIONAL BANK OF GULFPORT

85-329 No.

GULFPORT, MISS., 1-11    1954

1954 Ford 2 Dr. Motor #A4DG-102677 Pay to the Order of

TURNER MOTORS          $1776.00

Seventeen Hundred Seventy Six & No/100 _____ Dollars

Value received and charge to account of

TO    GULF NATIONAL BANK    )
      Great Southern Mt. Co.        ) /s/ John Harvey
      Gulfport, Miss.              )

SIGNATURE ON REVERSE SIDE

Turner Motors

In the pleadings and throughout the trial of this case the instrument is referred to as being a draft and in the brief for appellant it is for the first time referred to as being a check, but it is patent from an examination of the instrument that it is not a check but a draft. It was made out by John Harvey and the Bank of Leakesville, Leakesville, Mississippi, was marked out of

the draft and in lieu thereof Gulf National Bank, Gulfport, Mississippi, was written in by Mr. Harvey. At the trial of the case, the question was raised that Great ern Motor Company as buyer and as a seller. Before the trial of the case, the question was raised that Great Southern Motor Company should be made a party defendant and the declaration was accordingly amended to make the Great Southern Motor Company a defendant and process was served upon John Harvey by the sheriff as being the president of Great Southern Motor Company as to which no question was raised.

Great Southern Motor Company did not defend the suit but suffered a default judgment to be rendered against it, and the case went to trial between M. G. Turner as plaintiff and the Gulf National Bank of Gulfport as defendant. Counsel for both sides treated the instrument as a draft and since we think that it definitely is a draft and not a check, we will so treat it in this opinion.

The facts disclosed by the record are that one Mr. Ed Anderson, who had some connection with the Great Southern Motor Company, tried to buy from Mr. Turner a new Ford automobile and Mr. Turner advised him that he wanted to keep all of the cars on display in his showroom for the remainder of the week and on Saturday afternoon, January 9, 1954, Mr. Anderson telephoned to Mr. Turner and wanted to know whether he had disposed of all of his cars. On being advised that there was one car left, Mr. Anderson asked him to set it aside and hold it and advised him that it would be picked up the next day. On the next day Mr. John Harvey, accompanied by his brother, went to Leakesville to get the car. According to his testimony, he had never been in Leakesville before, and he went to Mr. Turner's home and Mr. Turner went with him to his place of business and delivered the car to him, and Mr. Harvey made out and delivered to Turner the draft aforesaid, dating it January 11, 1954.

Mr. Turner deposited the draft in the Bank of Leakesville on January 11, 1954, and that bank mailed it on January 12 to Deposit Guaranty Bank and Trust Company of Jackson, which bank on January 14 mailed it to the Gulf National Bank where it was received on January 15.

The plaintiff in the lower court filed a motion for a subpoena duces tecum to require production of a statement of the account of Great Southern Motor Company with Gulf National Bank, which statement was furnished and appears in the record and shows that at no time from January 15 through January 22 did the Great Southern Motor Company have on deposit with Gulf National Bank a sufficient amount to pay the draft, and if it could be considered to be a check, as argued by appellant, the Gulf National Bank was clearly within its rights in refusing to pay the instrument as a check because it did not at any time have sufficient funds of Great Southern Motor Company with which to pay the same.

The county court, at the conclusion of the plaintiff's evidence, sustained a motion to exclude the same and gave judgment in favor of the defendant, from which the plaintiff appealed to the circuit court, which court affirmed the judgment of the county court, and the appellant brings the case here for consideration.

If we regard Gulf National Bank as being the drawee in the draft, it was for the same reason fully justified in refusing to honor the draft, but it seems to us that although the draft is not correctly filled out, Great Southern Motor Company is the drawee and the bank was only required under the law to exercise reasonable diligence in its effort to collect the draft, and so far as the record here shows, there is no proof that the bank failed in that respect, notwithstanding the fact that the draft was received by it on January 15, and was not returned unpaid until January 21. See the case of

Thack v. First National Bank and Trust Company 206 F. 2d 180, which was tried in Mississippi and involved the Mississippi law on this subject, and in many respects is quite similar to the case at bar.

It developed from the cross-examination of Mr. Turner that he is not the sole owner of Turner Motors but that his brother's wife and a nephew underage, neither of whom are parties to the suit, own an interest in Turner Motors. They, of course, should have been made parties but a decision of the case does not turn on this point.

The appellee made a motion in the circuit court to dismiss the appeal and has prosecuted a cross-appeal, directed at the action of the circuit court in overruling the motion, but in view of the conclusion which we have reached, it is not necessary for us to consider the cross-appeal.

For the reasons which we have given, the judgment of the lower court will be affirmed.

Affirmed.

*McGehee, C. J.,* and *Arrington, Ethridge,* and *Gillespie, JJ.,* concur.